# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DEAON DAVIS,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,
TRANSUNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES,
LLC, INNOVIS, INC., SAMANTHA
PAULY, KARLA VEHRS, ROBERT
PIETTE, NATHAN KUNTZ,
CHRISTINE LONZO, MANYAM K.,
KIMBERLY S., AARON, ANTHONY
C. NEHLS, DOUGLAS EIDELSTEIN,
and LAURA LAVEY,

Defendants.

Case No. 25-CV-1150-JPS

**ORDER**

## 1. INTRODUCTION

Plaintiff Deaon Davis ("Plaintiff"), proceeding pro se, filed an amended complaint, alleging violations of 12 U.S.C. § 2605 (Real Estate Settlement Procedures Act ("RESPA")), 12 C.F.R. § 1024.41 of Regulation X, and 15 U.S.C. § 1681s-2(b) (a subsection of the Fair Credit Reporting Act ("FCRA")). ECF No. 7. Plaintiff also filed a motion to proceed without prepayment of the filing fee. ECF No. 2. This Order screens the amended complaint. The Court will dismiss this case without prejudice and will deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

**2.     MOTION TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).[1]

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

---

[1]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.,* 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Because the Court will dismiss this case, Plaintiff's motion to proceed without prepayment of the filing fee will be denied as moot.

## 3. SCREENING THE AMENDED COMPLAINT

### 3.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke,* 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal

Case 2:25-cv-01150-JPS    Filed 07/31/26    Page 3 of 11    Document 8

theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2 Plaintiff's Factual Allegations

Plaintiff alleges that she is a Wisconsin resident and homeowner who took out a mortgage with Defendant Wells Fargo ("Wells Fargo"). ECF No. 7 at 3. She provides that Wells Fargo represented itself as a "lender and party with foreclosure standing, without disclosing its role as loan servicer or identifying the true owner of the note." *Id*. Plaintiff further alleges she entered into a "three[-]month trial loan agreement requiring trial payments" in April 2025, May 2025, and June 2025. *Id*. On or about April 1, 2025, the date the first modified payment was due, "Defendants initiated or continued foreclosure activity," supposedly "in violation of federal servicing requirements." *Id*. On May 20, 2025, Defendants filed a summons and complaint in state court[2] while Plaintiff remained "in compliance with the trial payment plan." *Id*. On June 3, 2025, "Defendants filed a notice or affidavit of non-service," even though she remained in compliance and "had not received any lawful termination or denial." *Id*. "Defendants represented to regulators that foreclosure activity was 'on hold' while continuing to prosecute the foreclosure." *Id*. Plaintiff "submitted qualified written requests, notices of error, and regulatory complaints, including complaints to the Consumer Financial Protection Bureau." *Id*. Following the regulatory complaints, "Defendants furnished adverse credit information that was inaccurate, misleading, retaliatory and incomplete." *Id*. at 4.

---

[2] Plaintiff attaches screenshots of those state court proceedings. *See* ECF No. 1-1 at 1–3; *see also Wells Fargo Bank, N.A. v. Deaon Davis, et al.*, Case No. 2025CV000181 (Fond du Lac Cnty. Cir. Ct. 2025), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2025CV000181&countyNo=20 ("State Foreclosure Case"). The Court can and will take judicial notice of these proceedings. *See Smith v. Knight*, No. 23-cv-01297-NJR, at *5 n.5 (S.D. Ill. Apr. 27, 2023) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).

### 3.3 Analysis

The Court will address its screening based on the parties involved. First, it will assess the claims against Wells Fargo. Then, it will consider the claims against Defendants Transunion, LLC ("Transunion), Experian Information, Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Innovis, Inc. ("Innovis"). The Court will then evaluate the claims against the remaining individuals named in this action.

#### 3.3.1 Wells Fargo

Plaintiff's amended complaint brings a series of claims against Wells Fargo in connection to her foreclosure proceeding generally, and specifically, alleging various RESPA violations, including: Wells Fargo's alleged failure to notify her of its mortgage servicing rights, its subsequent failure to respond to her written notices of billing errors (12 U.S.C. 2605(e), and its failure to stop foreclosure proceedings as she took steps toward a revised loan (in violation of 12 CFR § 1024.41). ECF No. 7 at 4. She also alleges Wells Fargo falsely furnished information to consumer reporting agencies, such as Transunion, Equifax, Innovis, and Experian (who are also being sued, *see infra* Section 3.3.2) in violation of the Fair Credit Reporting Act. ECF No. 7 at 4. Plaintiff seeks monetary damages and an order enjoining Wells Fargo from continuing foreclosure proceedings. *Id*. at 5.

As relevant here, the *Rooker-Feldman* precludes "federal review of 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced.'" *Louis-Kenny-Reed: El v. Makowiecki*, 448 F. App'x 613, 614 (7th Cir. 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). Because this litigation

unquestionably seeks to have this Court review her state-court foreclosure judgment, *see* State Foreclosure Case, the Court is barred from hearing Plaintiff's claims against Wells Fargo.

Plaintiff's attempted disclaimer does not persuade the Court otherwise. ECF No. 7 at 2 ("Plaintiff does not seek federal appellate review of any state-court judgment"). Nor does her invocation of related federal statutes. *Makowiecki*, 448 F. App'x at 614 (noting that "plaintiffs may not circumvent the *Rooker–Feldman* doctrine by recasting their suit" using other federal laws) (citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) and *Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005)). That Plaintiff seeks damages, not just an injunction, is likewise not dispositive; after all, the fact remains that the alleged injuries in this case flow from the State Foreclosure Case, which is now closed (absent an appeal). *Byrd v. Homecomings Fin. Network*, 407 F.3d 2d 937, 943 (N.D. Ill. 2005) (although the plaintiff framed her claims as seeking damages under RESPA and other federal statutes, the only injury she identified was the foreclosure itself— not any independent harm caused by the alleged statutory violations); *Nora v. Residential Funding Co.*, 543 F. App'x 601, 602 (7th Cir. 2013) (citing *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 534 (7th Cir. 2004) and *Wright v. Tackett*, 39 F.3d 155, 157–58 (7th Cir. 1994)); *see* State Foreclosure Case. Indeed, the allegations that Wells Fargo "mishandled servicing, failed to provide accurate information, misapplied payments . . . and pursued foreclosure despite unresolved disputes and pending loss-mitigation efforts" all reflect injuries flowing from the foreclosure, precluding this Court's review. *Merritt-Wilson v. New Am. Funding, LLC*, No. 26-CV-00393-SPM, 2026 WL 962010, at *3 (S.D. Ill. Apr. 9, 2026) (finding *Rooker-Feldman* applied because injuries flowing from the allegations that "mishandled

servicing, failed to provide accurate information, misapplied payments, refused to apply escrow surplus, and pursued foreclosure despite unresolved disputes and pending loss-mitigation efforts" were direct attacks on or otherwise inextricably intertwined with the state court judgment).

### 3.3.2 The Four CRAs

As to each of the CRAs—Equifax, Innovis, Experian, and TransUnion—Plaintiff asserts a failure to reinvestigate claim. To advance a reinvestigation claim under § 1681i, a plaintiff must plead that she "contacted [the CRA] and notified it of the disputed [information]," and that, once armed with that information, the CRA "did not conduct a proper reinvestigation and failed to the correct the inaccurate information." *Henson*, 29 F.3d at 286. Here, again, the Court is precluded from hearing Plaintiff's claims because of the *Rooker-Feldman* doctrine. Indeed, whether Defendants conducted a proper reinvestigation is a legal query that this Court cannot make, as it flows out of the same facts at issue in the State Foreclosure Case. *Bryan v. Belvidere Nat'l Bank*, No. 04 C 50009, 2004 WL 1345096, at *3 (N.D. Ill. June 14, 2004) (finding that, under *Rooker-Feldman*, the court could not hear Plaintiff's reinvestigation claim under the FCRA because it was intertwined with the foreclosure judgment).

### 3.3.3 Individual Defendants

The Court turns to the remaining individual Defendants. First, Plaintiff names Christine Lonzo and Samantha Pauly as Defendants for having prepared, submitted, or advocated legal filings without proper authorization. ECF No. 7 at 4. However, the Court does not consider these allegations further because it is not within the province of this Court to adjudicate whether certain individuals have engaged in the unauthorized

practice of law. That is for Office of Lawyer Regulation in the State of Wisconsin. For the same reason, there is no claim against Attorney Karla Vehrs insofar as she "failed to comply with sponsorship requirements, misrepresented applicable rules to the tribunals, and submitted a voluminous filing containing or referencing a confidential settlement communication." *Id*. As such, Plaintiff fails to state a claim against these individuals.

Similarly, Plaintiff indicates that Defendants Anthony C. Nehls, Douglas Eidelstein, and Laura Lavey "are named for purposes of factual background." *Id.* at 2. As such, Plaintiff fails to state a claim against these individuals as well.

Plaintiff also fails to state a claim against the remaining individual Defendants: Robert Piette, Nathan Kuntz, Manyam K., Kimberly S., and Aaron (last name unknown). Each of these individuals allegedly "participated in foreclosure, servicing, or related activities concerning Plaintiff's loan." *Id.* However, given the number of Defendants, the Court has no way of knowing the employers of these defendants or other information from which to infer the role they may have played here.

A complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47)). Normally, the Court would give Plaintiff a chance to file an amended complaint to allege enough facts to answer the basic questions of who, what, where, when, and how so that the court can reasonably infer that the defendants did what she concludes they did. However, the allegations against these individual Defendants are yet another set of a "collateral attack[s]" on the judgment in State Foreclosure Case outside this Court's review. *Merritt-Wilson*, 2026 WL 962010, at *3.

As such, the Court will not grant Plaintiff leave to amend to correct the pleading deficiencies against these individual Defendants, or for that matter, any other Defendant in this action. Indeed, as was the case in *Nora*, allowing Plaintiff leave to amend her complaint would be futile. 543 F. App'x at 602–03 (citing *Mehta v. Att'y Registration & Disciplinary Comm'n of the Supreme Ct. of Ill.*, 681 F.3d 885, 887–88 (7th Cir. 2012) and *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007)).

**4.    CONCLUSION**

Because all of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, and amendment would be futile, the Court must dismiss this case without prejudice. *Hunter v. Leggett,* No. 22-3146, 2023 WL 4029764, at *2 (7th Cir. 2023) ("Dismissal for lack of jurisdiction under *Rooker-Feldman* must be without prejudice" (citing *Mains v. Citibank, N.A.*, 852 F.3d 669, 676 (7th Cir. 2017)). As a result, the Court will deny as moot Plaintiff's motion to proceed without prepayment of the filing.

Accordingly,

**IT IS ORDERED** that Plaintiff Deaon Davis' motion for leave to proceed without prepayment of the filing fee be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.